### DUES v. PARK.

#### No. 2446.

Court of Civil Appeals of Texas. El Paso.

Oct. 9, 1930.

Rehearing Denied Oct. 30, 1930.

Chas. Windberg, Jr., of El Paso, for appellant.

Harold M. Hankamer, of El Paso, for appellee.

PELPHREY, C. J.

This suit was originally filed in the justice's court of precinct No. 1, El Paso county, Tex., by appellee against appellant.

The nature of plaintiff's demand, as it appears in the citation, reads:

"Suit for commission in the sum of One Hundred twenty-five dollars ($125.00) due by defendant to plaintiff in effecting a sale and sale contract covering the 'Angelus Hotel,' furnishings and furniture to one Louis I. Ve Verka, said sale having been effected under a written contract entered into therefor at the instance and request of the defendant.

"That defendant agreed to pay plaintiff the commission of $125.00 which plaintiff alleges to be the usual and customary commission on like sales in the City of El Paso; and that said amount is due and unpaid."

From a judgment in favor of defendant, an appeal was taken to the county court at law of El Paso county, and the pleadings in that court, as shown by the court's order, are:

"Be it remembered that in the above styled and numbered cause which came on for trial on the 5th day of February, 1930, the plaintiff pleaded orally that he was seeking judgment for $125.00 commission from the defendant for the reason that he had procured a purchaser for certain properties listed with him for sale, said purchaser being ready and willing to comply with the terms of said purchase.

"Be it further remembered that the plaintiff further read in evidence as his pleadings, the nature of the plaintiff's demand as set out in the citation, and the defendant pleaded orally a general denial as set out in his written answer on file."

The case was tried to the court, and resulted in a judgment in favor of appellee for the sum of $125.

The trial court filed the following finding of fact and conclusions of law:

"I find that some few days before March 28th or 29th, 1929, the defendant C. C. Dues, entered into a contract with plaintiff and signed by him, which contract is in words and figures as follows, to-wit:

" 'Park Bros. Until further notice you may sell my lease on the Angelus Hotel to include about $400. worth of fixtures, for $1,250.00 commission to be 10%

" 'Lease; about 9 months, has building clause, 60 day notice. Receipts show about $700.00 net profit. 100 rooms, rent $500. less the allowance for heat, etc. making rent $475. a month.

" '[Signed]   C. C. Dues.'

"I find that immediately after said listing or said contract above quoted the plaintiff

began negotiations to affect the sale of the property mentioned in said listing.

"I find that on March 28th, or 29th, 1929, the defendant C. C. Dues left the city for Portland, Oregon.

"I find that in pursuance of his listing, the plaintiff and his firm interest—Lewis I. Ve Verka, in the purchase of the property described in the listing above referred to, and that on April 2, 1929, the following contract was entered into:

" 'El Paso, Texas, April 2d, 1929.

" '$25.00

" 'Received of Lewis I. Ve Verka, the sum of Twenty five dollars, earnest and forfeit money and part purchase money to close trade of sale to him of the following described property, at the total sum of $1,250.-00, being the lease on "Angelus Hotel" and certain furnishings and fixtures belonging to C. C. Dues as per inventory of same to be taken:

" 'Subject to check up of operating expenses of the Angelus Hotel and income of same to demonstrate the expenses are now running not over $1,100. a month and income gross not less than $1,900 a month, located at Mesa and Main street.

" 'Terms of sale:   $1,250.00 cash on delivery of Bill of Sale representing good title. Subject to transfer of lease to Lewis I. Ve Verka, on said Hotel.

" 'Bill of sale is to—made to Lewis I. Ve Verka, and all debts to date to be paid and transfer of title to be made and executed by C. C. Dues.

" 'Bill of sale to be delivered on or before April 10, 1929.

" '[Signed]   Mrs. C. C. Dues, Owner.'

" 'I accept this contract of sale and declare I am buying said property upon my own examination and judgment and not through any representations made to purchaser by the seller or agent of the seller as to its location, value, income therefrom production or reputation.

" '[Signed]   Lewis I. Ve Verka, Purchaser.'

"I find that sometime between the 2nd day of April, 1929, and the 10th day of April, 1929, the purchaser, Mr. Lewis I. Ve Verka called upon Mr. W. W. Turney, the president of the corporation which owned the Angelus Hotel mentioned in the two written instruments above quoted.

"I find that W. W. Turney refused to transfer the lease on said hotel to Mr. Lewis I. Ve Verka. I find that he also told him that he had not that authority but that it would have to be done by members of the Board of Directors.

"I find that Mr. Turney afterwards spoke to some members of the Board of Directors and that none of them were willing to trans-

fer the lease and that no meeting of the Board of Directors was ever called to pass upon such transfer and no orders were made by the Board of Directors, concerning such transfer.

"I find that on the 9th day of April, 1929, the defendant, C. C. Dues, returned to El Paso.

"I find that the purchaser Mr. Lewis I. Ve Verka, called on him in the early morning of April 10th, and that Mr. Dues told him to return later in the day.

"I find that he did so return and again Mr. Dues told him to return later in the afternoon. I find that he did so return as late as 5:00 or 6:00 o'clock in the afternoon, but that Mr. Dues did not furnish him any information and would not talk a sale of the property mentioned in the two instruments above quoted; and that, thereupon said purchaser drew down the $25.00 forfeit money which he had theretofore paid to the plaintiff.

"I find that Mr. Dues' reasons for delaying negotiations with said purchaser were due to the fact, that he had been unable to have a talk with W. W. Turney concerning transfer.

"I find that the purchaser was ready, willing and able to purchase the property upon the terms mentioned in said instruments of the date of April 2d, 1929, provided the same came up to the conditions and qualifications mentioned in the listing made to plaintiff in the latter days of March, 1929, and above quoted.

"I find that at the request of the defendant's wife, the purchaser had been in and around the hotel for several days but was not furnished the information sought and desired by the defendant's wife, for the reason that Mr. Dues could explain the matters better to purchaser.

"I find that Mr. Dues did not show the purchaser that the receipts of the hotel were the sum of $725.00 net profit and that he made no effort to do so.

"I find that Mr. Dues did not show to said purchaser that the rent was $500.00, less the allowance for heat, etc., making it $475.00, and made no effort to do so.

"I find that if the purchaser had been convinced that such conditions existed in said hotel, that he was eager to make the trade.

"There was no evidence introduced before the court as to what the receipts of the hotel would be. There was no evidence showing the amount of rent of the hotel and hence, I cannot make a finding as to any of these things mentioned in the listing.

"I find that upon the 11th day of April, 1929, that there was a conversation between Mr. Dues and said purchaser, Mr. Lewis I. Ve Verka, at which time Mr. Ve Verka offered Mr. Dues approximately $600.00 for his lease, which Mr. Dues refused.

"I find that at the time of such conversation on the 11th of April, 1929, Mr. Dues had not been able to see or consult with W. W. Turney about the transfer of said lease."

### Conclusion of law:

"I, therefore, conclude as a matter of law that it was the duty of C. C. Dues to inform the purchaser about those things and matters which the purchaser desired information and having failed and refused to do so, that he is therefore liable to plaintiff for the sum of $125.00 and costs of suit, and I render judgment accordingly."

From the judgment rendered, Dues has appealed.

### Opinion.

Appellant presents nine assignments of error, but admits that the first two are too general to be considered.

Under the remaining assignments, he presents seven propositions which are, in substance, as follows: (1) That appellee produced no purchaser ready, able, and willing to purchase in strict accordance with the express contract executed by Dues and sued upon; (2) that there was no proof that Mrs. Dues was authorized to execute the contract of April 2, 1929, or that same was ever accepted by Dues, and, it not being in strict conformity with the terms of the listing contract, there was no meeting of the minds, necessary to a contract; (3) that the acceptance of Ve Verka was not in accordance with the offer by Dues; (4) that the contract of April 2, 1929, being entirely different from the listing contract, appellee could not recover; (5) that appellee did not produce a binding efficient contract with the purchaser in accordance with the terms of Dues' offer; and (6) that appellee, having failed to prove that he procured a purchaser in conformity with the contract declared on, was not entitled to a commission.

If we understand the findings of fact made by the court, then these questions do not call for a discussion.

As above stated, appellee pleaded orally as well as adopting his demand as set forth in the citation in the justice's court.

Orally he sought to recover a commission by reason of having procured a purchaser for the properties listed with him who was ready and willing to comply with the terms of the purchase, and, further, he adopted his cause of action set forth in his citation, in which he asserts that a sale was effected by him under a written contract entered into at the instance and request of appellant.

In the court's findings of fact, we find the following which we think show that appellee was entitled to recover under his oral pleading:

"I find that the purchaser was ready, willing and able to purchase the property upon the terms mentioned in said instrument of the date of April 2d, 1929, providing the same came up to the conditions and qualifications mentioned in the listing made to plaintiff in the latter days of March, 1929, and above quoted.

"I find that Mr. Dues did not show the purchaser that the receipts of the hotel were the sum of $725.00 net profit and that he made no effort to do so.

"I find that Mr. Dues did not show to said purchaser that the rent was $500.00, less the allowance for heat, etc., making it $475.-00, and made no effort to do so.

"I find that if the purchaser had been convinced that such conditions existed in said hotel, that he was eager to make the trade."

It is well settled that an agent is entitled to his commission upon procuring a purchaser who is ready, able, and willing to purchase on the terms fixed by the seller, and, there being no statement of facts in this record, we think the above findings are sufficient to show that such was done by appellee here.

It is true that the findings are not as clear as they might be on this point, but we are of the opinion that they are sufficient to show that appellee produced a purchaser ready, able, and willing to buy under the terms as made by appellant and support the judgment rendered.

If we are correct in this, then the questions presented as to the acceptance by Ve Verka, as evidenced by the instrument of April 2d, need not be considered.

Being of the opinion that under the oral pleadings of appellee the findings of the court show him to be entitled to a recovery, the judgment of the trial court is affirmed.